**UNITED STATES, Appellee,**

v.

**Staff Sergeant Lawrence A. HERSHEY, Jr., SSN 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, United States Army, Appellant.**

**CM 443208.**

U.S. Army Court of Military Review.

29 Feb. 1984.

---

Colonel William G. Eckhart, JAGC, Colonel R. Rex Brookshire II, JAGC, Major Michael T. Kelly, JAGC, and Captain Peter R. Huntsman, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Patrick M. Flachs, JAGC, and Captain Paul E. Jordan, JAGC, were on the pleadings for appellee.

Before HANSEN, COKER and BROOKSHIRE, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

The appellant was convicted contrary to his pleas, by the trial judge sitting alone as a General Court-Martial, of carnal knowledge, attempted sodomy, and lewd and lacivious acts with his daughter. The primary issue before the Court is whether he was denied his Sixth Amendment right to a public trial. We have determined, based on the facts of this case, that there was no error.

The thirteen year old daughter/victim was called as the prosecutor's first witness. Prior to her appearance, the prosecutor requested the courtroom be cleared for the purposes of creating an environment more conducive to relaxation and to reduce the amount of embarrassment to the witness. The only persons removed from the courtroom were the bailiff and the appellant's escort. It is not known whether any other persons were denied entrance to the court. Defense counsel objected on the basis that the bailiff and escort had duties in the court and that the witness had told her story repetitively before adults.

Based on the facts that there was no jury, the age of the victim, the extremely serious charges, and the relationship between the appellant and victim, the exclusionary order of the trial judge was not an abuse of discretion. Rather, we find that the trial judge properly balanced the right of the appellant to a public trial against the right of the victim/witness to be spared undue embarrassment. *United States v. Brown*, 7 U.S.C.M.A. 41, 22 C.M.R. 41 (1956). While the parties to the trial should have made a more complete record on the issue, we are convinced that the record is sufficient to establish the higher value of the victim's well-being as an overriding interest to that of a completely open hearing. *Press-Enterprise Company v. Superior Court*, —— U.S. ——, —— – ——, 104 S.Ct. 819, 822–824, 78 L.Ed.2d 629 (1984).

The remaining allegations of error are not meritorious.

The findings of guilty and the sentence are affirmed.

Judge BROOKSHIRE did not participate in this decision.